United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Vivian Fiol, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-22717-Civ-Scola |
| | ) |
| American Security Insurance | ) |
| Company, Defendant. | ) |

## Order

This matter is before the Court on the parties' joint motion to remand this case to state court. (ECF No. 6.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the joint motion. (**ECF No. 6**.)

Plaintiff Vivian Fiol initially filed this case in Florida state court on July 8, 2022, asserting one claim for declaratory judgment against Defendant American Security Insurance Company ("American Security"). (Not. of Removal, ECF No. 1, ¶ 1; Compl., ECF No. 1-4, ¶ 28.) The Plaintiff sought to have the Florida state court determine whether her property insurance policy covered a loss suffered during Hurricane Irma in 2017. (Compl., ¶¶ 4-6.) Defendant American Security removed this case from Florida state court on August 26, 2022, based on diversity jurisdiction. (Not. at ¶ 11.) Now, the Plaintiff and the Defendant jointly request that the Court remand the case to state court because the Plaintiff is "only . . . seeking declaratory relief." (Jt. Mot. to Remand, ECF No. 6, at ¶ 2.)

Because the Plaintiff seeks only prospective declaratory relief in her complaint, the Plaintiff lacks standing to proceed in federal court and the Court therefore lacks jurisdiction. *See, e.g., 227 NW 13 Ave, Inc. v. Scottsdale Ins. Co.*, No. 21-21405-Civ, 2022 U.S. Dist. LEXIS 140785, at *5 (S.D. Fla. Aug. 8, 2022) (Scola, J.) ("Here, the Property Owner is seeking a declaration concerning insurance coverage for a specific past event—an accidental water discharge in October 2020. As there are no allegations of a reasonable expectation of future harm, though, there can be no standing for prospective relief."). Accordingly, remand is proper here.

For the reasons stated above, the Court **grants** the joint motion to remand (**ECF No. 6**) and **remands** the case to state court. The Court **directs** the Clerk to **clos**e this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the **Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County**. Any pending motions are **denied** as moot.

**Done and ordered** in Miami, Florida, on September 13, 2022.

_____
Robert N. Scola, Jr.
United States District Judge